[Bank of Dothan v. Wilks, *et al.*]

132  573
135  544
135  545

# Bank of Dothan *v.* Wilks, *et al.*

*Action of Trover.*

[Decided February 13, 1902.]

1. *Bill of exceptions; time of signing; when reviewable; motion for new trial.*—Where a case was tried at the Fall term, 1899, and motion for a new trial entered at that term, and the motion regularly continued until the Fall term, 1900, when it was denied, the bill of exceptions can only be looked to for the purpose of reviewing the motion, and not for the purpose of reviewing rulings of the court made upon the trial and not assigned in the motion as grounds for a new trial.

2. *Same; motion for new trial; rulings on main trial.*—Where exceptions to rulings of the court on the admission of evidence and refusal of charges were not assigned as grounds of a motion for a new trial, they will not be considered in reviewing the motion for a new trial.

APPEAL from Henry Ciruit Court.

Tried before Hon. JNO. P. HUBBARD.

Action by Alice T. Wilks and others against the Bank of Dothan for conversion of certain chattels. From a judgment for plaintiff defendant appeals.

R. D. CRAWFORD, for appellant.

R. H WALKER, for appellees.

TYSON, J.—The cause was tried at the Fall term of the court in 1899. A motion was entered for a new trial which was continued regularly until the Fall term of the court, 1900, when it was denied. The assignments of error, save one, are predicated upon excepttions reserved to the rulings of the court in the admission of evidence and written charges refused to the defendant. The other assignment of error relates to

the overruling of the motion for a new trial. The bill of exceptions in the record can only be looked to for the purpose of reviewing the motion, and not for the purpose of reviewing the rulings of the court made upon the trial of the cause.—*Ala. M. R'y Co. v. Brown,* 129 Ala. 282. The exceptions reserved to rulings of the court upon the admission of evidence and the refusal of charges requested by defendant were not assigned as grounds in the motion for new trial. This being true, the trial court cannot be put in error in overruling the motion. The denying of the motion is not otherwise insisted upon in argument.

Affirmed.