[McCarver v. Doe *ex dem.* Herzberg.]

# McCarver *v.* Doe *ex dem.* Herzberg.

*Common Law Action of Ejectment.*

1. *Motion for new trial; rulings on main trial.*—Where exceptions to rulings of the court on admissions of evidence are not assigned as grounds of a motion for a new trial, on appeal from a judgment overruling the motion for a new trial, such rulings of the court will not be reviewed, and the bill of exceptions reserved on motion for a new trial can not be looked to for the purpose of reviewing the exceptions reserved upon the main trial of the case.

2. *Bill of exceptions; when signed within time.*—When a judgment upon a motion for a new trial is rendered, and on the last day of the term at which said judgment was rendered an order is entered by the court allowing the defendant sixty days within which to have the bill of exceptions signed, and said bill of exceptions is signed within sixty days from the date of said order, such bill is signed in time, and can not be stricken on the ground that it was not signed within the time authorized by law.

3. *Trial and its incidents; discontinuance; objection can not be raised for first time on appeal.*—When a cause is discontinued by reason of the failure to have entered an order of discontinuance, but subsequently such discontinuance was not insisted upon in the court below and both the parties proceeded to trial on the merits, there is thereby a waiver of the disconuance, and the discontinuance complained of can not be raised for the first time on appeal.

4. *Ejectment; computation of rents where improvements have been made.*—In an action of ejectment where the defendant sets up possession under color of title in good faith thereby restricting his liability for rent for one year before the commencement of the action, the rents recoverable as damages are to be estimated as of the value of the land when the defendant acquired it, and not of its value as enhanced by improvements made by him on the land.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

[McCarver v. Doe *ex dem.* Herzberg.]

This was a common action of ejectment brought by John Doe, on the demise of H. Herzberg, and others against W. W. McCarver to recover lands specifically described in the declaration. The cause was tried by the court without the intervention of a jury, and on May 21, 1900, a judgment was rendered in favor of the plaintiff, assessing his damages at $75. On May 31, 1900, the defendant made a motion for a new trial, which was in words and figures as follows: "Now comes the defendant and moves the court for a new trial as to the damages rendered against the defendant in the judgment of May 21st, 1900, to-wit, in the sum of seventy-five dollars, on the following grounds, to-wit: 1. Said judgment is contrary to the evidence. 2. It is not supported by the evidence. 3. It is contrary to law."

The record shows the folowing entries: "31st day of May, 1900. It is ordered by the court that this motion be continued to July 2d, 1900. July 2d set for Aug. 20. Sept. 2d, passed to Oct. call. Nov. 7th, set for Nov. 30th. Nov. 30th set for Dec. 22d. Apr. 21st set for June 14th." On June 14th, 1901, the motion for a new trial was overruled. On June 29th the defendant was granted thirty days from that date to file a bill of exceptions. The bill of exceptions was signed on December 23, 1901. The defendant appealed from the judgment overruling the motion for a new trial and assigned as error the rendition of said judgment, and also assigned as error the ruling of the trial court upon the evidence which were made during the trial of the original case. In this court the appellee made a motion to strike the bill of exceptions and the assignments of error based thereon, because said bill of exceptions was not signed within the time authorized by law. The other facts of the case are sufficiently stated in the opinion.

JAMES AIKEN, for appellant, cited *McConnell v. Worns*, 102 Ala. 587; *Torrey v. Forbes*, 94 Ala. 213; *Hare v. Moody*, 9 Ala. 399.

P. E. CULLI, *contra.*—The motion to strike the bill of exceptions should have been sustained.—*Florence, etc.,*

*Co. v. Fields,* 104 Ala. 471; *Ex parte H. A. & B. R. R. Co.,* 105 Ala. 223; *Hundley v. Yonge,* 69 Ala. 90; *Gunnells v. State Bank,* 18 Ala. 676.

TYSON, J.—Confessedly the bill of exceptions cannot be looked to for the purpose of reviewing exceptions reserved upon the trial of the cause, but it is properly a part of the record for the purpose of reviewing the action of the court in overruling the motion for the new trial, provided it was signed in time and the motion was not discontinued.—*Bank of Dothan v. Wilks,* 132 Ala. 573; *Ala. Midland R. Co. v. Brown,* 129 Ala. 282. The motion was heard and determined adversely to the appellant on the 14th day of June, 1901, and the bill of exceptions was signed on the 23d day of July following. On the 29th day of June, 1901, the last day of the term at which the motion was heard, an order was entered allowing defendant sixty days within which to have the bill of exceptions signed. From this statement it is clear that it was signed in time.—Acts, 1900-1901, p. 1288.

The next proposition insisted upon in support of the motion to strike the bill of exceptions is that the motion for the new trial was discontinued. Conceding, and and doubtless it is true, that the recitals in the record show that there was a discontinuance of the motion for a new trial by a failure to enter an order of continuance of it at the term immediately preceding the one at which it was heard and disposed of, yet the discontinuance does not seem to have been insisted upon in the court below. On the contrary, it appears that both parties appeared and proceeded to trial on the merits of the motion, and that the decision of the court was upon the merits. This was clearly a waiver of the discontinuance.—*Kennedy v. Pickering,* Minor, 138; *McRory v. Vinzant, Ib.* 401; *Ex parte Hall,* 49 Ala. 675; *Reeves v. The State,* 96 Ala. 33; *McConnell v. Worns,* 102 Ala. 587. The motion to strike the bill of exceptions must, therefore, be overruled.

This brings us to a consideration of the questions involved in the overruling of the defendant's motion for a

new trial. By that motion the correctness of the finding by the presiding judge, who tried the cause without the intervention of a jury, is only challenged with respect to the damages assessed by him for the use and occupation of the lands recovered. It is true the record shows a reservation by defendant during the trial of an exception to the admission of testimony, and it is also true that this exception is assigned as error and insisted upon in argument, but it was not assigned as one of the grounds of the motion for new trial and, therefore, cannot be considered.—*Bank of Dothan v. Wilks, supra.* So, then, the consideration is narrowed to the single question whether under the facts, the plaintiffs were entitled to recover the damages allowed them. We think it can be safely inferred from the evidence that defendant was holding the possession of the lands under color of title and in good faith when this suit was instituted. Furthermore, we also think it fairly inferable that the witness offered by plaintiffs to prove the rental value of the lands, in estimating it at $50 *per annum,* based his estimate of their rental value upon the condition in which the lands were after the defendant had made the improvement upon them, and not upon the condition of the lands at the time when defendant entered upon them. This being true there is no real conflict between the witness' testimony and the testimony of defendant, who stated that when he took possession of the land its rental value in its then condition was worth nothing. It will thus be seen that we must determine whether the plaintiffs are entitled to recover rents based upon the value of the lands as enhanced by the improvements put upon them by defendant, or whether the rents recoverable are to be estimated as of the value of the land when the defendant acquired it. These questions are fully answered in *Southern Cotton Oil Co. v. Henshaw,* 89 Ala. 448, and the opinion in that case solves them. It was there held that the rents must be computed upon the basis of the condition of the lands when the defendant took possession of them, and not upon the value of the lands as enhanced by the improvements.

The motion for the new trial should have been granted. And in accordance with these views, a judgment will be here entered reversing the order overruling the motion for the new trial and granting the same.

Reversed and renderd.