# Royal *v.* Royal.

## *Bill for Custody of Child.*

### (Decided June 7, 1910.   52 South. 735 )

1. *Parent and Child; Possession of Child; Evidence.*—In a suit between husband and wife to obtain possession of the child, brought under section 4503, 4504, Code 1907, an agreement of separation in writing made between the husband and the wife made out a prima facie case of voluntary separation.

2. *Same.*—Where the wife was living within the jurisdiction of the court with friends and relatives and under good influences and the husband lived without the state, the chancellor correctly exercised his judicial discretion in awarding the custody of the child to the wife, pending the outcome of the suit for its permanent possession.

3. *Injunction; Temporary Injunction; Dissolution; Discretion of Court.*—There is no invariable rule that a temporary injunction must be dissolved upon the denials of the answer; the situation of the parties and the consequences of the order must be given reconsideration in determining that question.

APPEAL from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Petition by Dora C. Royal against S. H. Royall, for the possession of the child upon voluntary separation. From an order refusing to dissolve the temporary injunction against interference with petitioner's possession of the child, respondent appeals.   Affirmed.

[Royal v. Royal.]

A. E. GAMBLE, and STEINER, CRUM & WEIL, for appellant. Counsel discuss the statute, and insist that there was no voluntary separation shown and no divorce asked or grounds alleged therefor, and that the petition should be dismissed.

POWELL, HAMILTON & LANE, and BALL & SANFORD, for appellee. The petition is clearly within the statute. (Secs. 4503-4, Code 1907.) And if defective, the motion to dissolve for want of equity treats all amendable defects as cured.—*Schloze v. Steiner,* 100 Ala. 148. There is no inflexible rule requiring the dissolution of temporary injunction on the coming in of the sworn denials of the answer, and under the facts in this case the court properly awarded the custody of the child to the mother, and in refusing to dissolve the injunction.—*Harrison v. Yerby,* 87 Ala. 185; *Whitley v. Dunham L. Co.,* 89 Ala. 497. A voluntary separation was shown.—*Anonymous,* 55 Ala. 431.

SAYRE, J.—Appellant and appellee are husband and wife. Appellee filed her petition to have decreed to her the custody and control of William Calhoun Royal, a minor son of the parties. The petition proceeds under sections 4503 and 4504 of the Code of 1907. Upon the filing of the sworn petition and the execution of the bond required, the Honorable H. A. Pearce, judge of the Twelfth judicial circuit, ordered a preliminary injunction commanding and enjoining defendant not to interfere with or disturb petitioner's custody and control of the child pending a final hearing on the petition. After filing his sworn answer circumstantially denying the allegations of the petition, defendant moved a dissolution of the injunction on the ground that there was no equity in the petition, and on the denials of the answer. This

motion, being submitted on the petition and answer and numerous ex parte affidavits, was denied by the chancellor. From that denial this appeal was taken.

No serious question is raised against the equity of the petition except that it fails to show a voluntary separation of the parties, husband and wife. The petition distinctly alleges a voluntary separation. As bearing upon the jurisdictional fact here involved, it appears that in the latter half of the year 1906 the parties lived in Virginia. Mrs. Royal had filed a bill for divorce and for the custody of her child in one of the courts of that state, and had obtained an order enjoining defendant not to interfere with her custody and control of her son. The grounds stated in that bill are not repeated here. Petitioner, however, does complain that the defendant is of a jealous disposition, harsh and overbearing in his treatment of her. Defendant recriminates. Whatever may have been or may now be the merits of the controversy between the parties, it appears that shortly after the bill was filed in the Virginia court they entered into an agreement in writing as a result of which that bill was withdrawn. That agreement recited the filing of the bill, the desire of both parties to avoid publicity and to settle their domestic difficulties, and their conclusion that the welfare of the child was the consideration of first importance and would be best subserved by the agreement. It provided that the parties should live apart for a period of 12 months, that the care, custody, control, and education of the child during the 12 months should be with the mother, and contained other sipulations which need not be recited. It concluded: "If, after the expiration of twelve months from this date, the parties are persuaded that they can live amicably together then the provisions of this contract are in every particular to cease and determine, and the rights of

[Royal v. Royal.]

neither party hereto shall be prejudiced hereby." Since the date of the agreement the parties have lived apart. Appellant seeks to show that the status of separation, now existing between the parties is not voluntary on his part by evidence which tends to fasten the fault for a continuance of the separation upon the petitioner. Petitioner recriminates. We are of opinion that, so far as the jurisdiction to entertain the petition is concerned, the agreement makes out a prima facie case of voluntary separation. How that question should be finally settled, and what are the general merits of the controversy between the parties, are questions which are left by the ex parte statements of the parties, and the several affiants besides them, in a state of painful uncertainty. We think it best at this time and on the presentation of facts now made not to enter upon a discussion of them. We are not sure that any detailed discussion of them will at any time serve a good purpose, while we apprehend the possibility that it may accentuate the differences between the parties—a result which the court must always be careful to avoid.

There is no invariable rule which requires the court of chancery to dissolve an injunction upon the denials of the answer. The situation of the parties and the probable or possible consequences of the order to be made must be considered. Petitioner lives in this state among friends and relatives where she lived before her marriage. The influences surrounding the child are conceded to be good. The defendant lives in the state of Virginia, and if, the temporary injunction being dissolved, he should acquire possession of the child and succeed in getting him beyond the boundaries of the state, the court will have lost its power to control his actions. The jurisdiction of the court ought to be preserved. It is charged that defendant at one time re-

tained possession of the child in violation of a solemn agreement. On the other hand, it is charged that the petitioner acquired her present custody of the child stealthily. There is evidence tending to sustain both charges. But, as we have stated, the evidence is taken ex parte, and not with a view to a final decree. Under these circumstances, and after due consideration we are of the opinion that the chancellor correctly exercised his judicial discretion in leaving the child with the petitioner until parties and witnesses may be examined and cross-examined and thus the whole truth of the estrangement between them developed. If it should appear that the wife has abandoned the husband without sufficient cause, and the husband is a suitable person to have charge of the child, the law favors the custody of the husband; but the court may give the custody and education of the child to either father or mother, as may seem right and proper.

Accordingly, the chancellor's decree will be affirmed, and the cause remanded for final disposition upon the pleading and the proof as it may appear.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.