(80 South. 154)

CENTRAL OF GEORGIA RY. CO. v. PICKETT. (4 Div. 494.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. APPEAL AND ERROR ⊚⇒224—MATTERS REVIEWABLE—SAVING OBJECTIONS.

On appeal from an order granting a motion to set aside an order of dismissal, there was a waiver of a discontinuance of the motion by a failure of defendant to raise that question in the trial court before going to trial on the merits of the motion.

2. APPEAL AND ERROR ⊚⇒113(1)—ORDERS APPEALABLE—ORDER SETTING ASIDE ORDER DISMISSING CAUSE.

An order setting aside an order dismissing case and reinstating the case on the docket is not appealable.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Ocie L. Pickett against the Central of Georgia Railway Company. From an order setting aside an order of dismissal and reinstating plaintiff's case on the docket, defendant appeals. Appeal dismissed.

B. F. Reid, of Dothan, for appellant.
Charles A. Calhoun, of Birmingham, and Farmer & Farmer, of Dothan, for appellee.

BRICKEN, J. Appellant complains of the action of the trial court in setting aside an order of dismissal and reinstating plaintiff's case on the docket. In doubt as to whether an appeal would lie, appellant also filed its petition for mandamus to compel the trial judge to rescind the order restoring the cause to the docket. Hence the two matters are submitted and considered together.

Appellant's contention is that there was a discontinuance of the motion because, on February 14, 1916, a day to which the motion was continued, no action was taken thereon, and that the next action thereon was of date March 11, 1916, at which time the motion was again continued, to the day on which it was granted.

In so far as these matters appear of record, the contention of appellant is sustained, but it appears from record numbered 511 that trial was had upon the motion, witnesses examined and cross-examined pro and con; in other words, appellant participated in the proceedings leading up to the granting of the motion without objection in the trial court. The dismissal by the attorney for plaintiff was entered as of September 28, 1915, but the formal judgment of the court was not entered until November 5th following. The motion to reinstate was made and entered as of November 27, 1915, and was regularly continued, with the exception above noted, until disposed of.

[1] On appeal from the action of the trial court in granting the motion reinstating the cause, it must be held that there was a waiver of the discontinuance, by a failure of appellant to raise that question in the trial court before going to trial on the merits of the motion. McCarver v. Herzberg, 135 Ala. 542, 33 South. 486. In that case it was said:

"When a cause is discontinued by reason of the failure to have entered an order of discontinuance, but subsequently such discontinuance was not insisted upon in the court below, and both the parties proceeded to trial on the merits, there is thereby a waiver of the discontinuance, and the discontinuance complained of cannot be raised for the first time on appeal."

See, also, Birmingham Ry., Lt. & Power Co. v. Hinton, 146 Ala. 273, 40 South. 988, and Southern Ry. Co. v. Griffith, 177 Ala. 364, 58 South. 425.

An instructive discussion of the question here involved, as affected by the act of Sep-

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tember 22, 1915, which became operative pending the decision of the motion here sought to be reviewed, on, to wit, January 1, 1916 (Acts 1915, p. 707), will be found in the case of Mt. Vernon Woodbury Mills v. Judge, 15th Circuit, 200 Ala. 168, 75 South.916.

[2] It follows that the mandamus will be denied, and, as the order of the lower court from which this appeal is taken is not such an order as will support an appeal, the appeal is therefore dismissed.

Appeal dismissed.