199 So. 750

## McCOLLOUGH v. PARKS.

### 4 Div. 655.

Court of Appeals of Alabama.

Jan. 14, 1941.

P. B. Traweek, of Elba, for petitioner.

J. M. Rowe, of Elba, for respondent.

**BRICKEN, Presiding Judge.**

This is an original application in mandamus brought by J. W. McCollough, as petitioner, against the Hon. W. L. Parks, as circuit judge of the Twelfth Judicial Circuit, to command said judge to strike the case of J. W. McCollough, Plaintiff, v. Monroe Farris, on appeal from the Inferior Court of Coffee County, from the docket of the Circuit Court, and to order the execution of the original judgment of said Inferior Court, as the same was amended nunc pro tunc and entered upon the minutes of said Inferior Court on the 25th day of October, 1938.

It would extend this opinion and would serve no good or useful purpose to set out the various proceedings in the Inferior Court, and in the Circuit Court. It is sufficient to say, it appears from the petition on file in this court that on the 2d day of March 1934, the said Inferior Court rendered a judgment in favor of J. W. McCollough v. Monroe Farris, for the sum of $125, together with the cost of suit, and that said judgment was in writing and signed by the Hon. W. M. Brunson, Judge of said Inferior Court, and placed in the file of said case. This judgment was never entered upon the minutes of said Inferior Court during its existence. The said Inferior Court of Coffee County was abolished by a local act of the Legislature in 1935. Local Acts of Alabama 1935, page 5.

On the 21st day of September, 1937, J. W. McCollough filed his petition in the Circuit Court of Coffee County (Elba Division) praying for an order directing the Clerk of said Court to enter nunc pro tunc the judgment of the Inferior Court which had been rendered by that court on March 2, 1934 in said case, as aforesaid.

On the 25th day of October, 1938, the judgment of the circuit court was rendered and entered upon the minutes of said court, whereby the Clerk of the Circuit Court was directed to enter on the minutes the original judgment of Hon. W. M. Brunson, Judge of said Inferior Court signed by him on March 2, 1934, in form as follows:

"J. W. McCollough, Plaintiff v. Monroe Farris, Defendant: This cause was tried on the issues made by the pleadings on the 13th day of February, 1934, and all the evidence taken and the cause held under advisement by the Court; and now, upon full consideration of the same, it is ordered and adjudged that the plaintiff have and recover of the defendant his damages, which the Court finds from the evidence to be the sum of One Hundred and Twenty-five and no/100 Dollars ($125.00) together with the costs of suit, for which execution may issue as provided by law.

"Witness this 2nd day of March, 1934. W. M. Brunson, Judge, etc."

On the 12th day of November, 1938, said Monroe Farris, defendant, took an appeal from said judgment to the circuit court, and demanded a trial by a jury on said appeal.

On the 15th day of October, 1940, said J. W. McCollough filed his petition in the circuit court, praying that said appeal be stricken from the docket of the court, and that execution on the amended judgment entered in said case on the 25th day of October, 1938, be ordered to issue in said case.

On the 18th day of October, 1940, the Honorable W. L. Parks, Judge of the Twelfth Judicial Circuit, presiding, overruled and denied the petition or application for the dismissal of said appeal and for striking the same from the docket of said circuit court, and refused to order the writ of procedendo on the original judgment of the said Inferior Court as amended nunc pro tunc. To which action of the court, as cited in said judgment, the plaintiff excepted.

On the 30th day of October, 1940 the said J. W. McCollough, as Petitioner, filed his petition in this court against the Hon. W. L. Parks as Circuit Judge of the Twelfth Judicial Circuit praying for a writ of mandamus to be issued out of this court against the said W. L. Parks, Judge, commanding and directing him to cancel his judgment by which the Circuit Court of Coffee County, Alabama, Elba Division, overruled and denied the petition of the said J. W. McCollough for the dismissal of the appeal and from striking the case on appeal from the docket of the Circuit Court of Coffee County, Alabama, Elba Division,

in the case of J. W. McCollough, Plaintiff v. Monroe Farris, Defendant.

On December 15, 1940, the Hon. W. L. Parks, Respondent to said petition, filed in this court his answer to said petition for mandamus.

█ The general rule is, that to entitle a party to a mandamus there must concur a specific, legal right to the writ of mandamus, and the absence of any other specific and adequate and legal remedy. Sessions & Leary v. Boykin, 78 Ala. 328. The question upon this petition then is, Does the petitioner show a specific legal right to the writ of mandamus, to be issued out of this court commanding and requiring and directing the respondent to cancel the judgment of the Circuit Court of Coffee County, whereby said court refused to dismiss the appeal taken by Monroe Farris, on the 12th day of November, 1938, from the final judgment in favor of McCollough and against Farris, defendant, entered nunc pro tunc upon the minutes of the Inferior Court, on the 25th day of October, 1938, and refusing to strike said case from the docket of the circuit court, and refusing to order a writ of procedendo on the original judgment of said Inferior Court nunc pro tunc.

Section 18 of the Act of the Legislature of Alabama, Local Acts of Ala.1931, pp. 183, 191, provides for an appeal from the final judgment of the Inferior Court of Coffee County, in civil cases, and recites that: "When the judgment is for the payment of money or for the recovery of personal property or the possession of real or personal property, by giving a supersedeas bond with good and sufficient security payable to and approved by the clerk, with condition that if he fail in the appeal he will pay such judgment as the appellate court may render in the premises and all such cost and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment, if the said party appealing desires to have the said judgment superseded; which said appeal bonds and supersedeas bonds must be filed with the clerk within thirty days from the date of the rendition of the said judgment."

Section 19 of said act provides as follows: "That all civil cases in said court shall be tried by the judge of said court without the intervention of a jury, the judge shall determine both the law and the facts, and either party shall have the right to appeal to the circuit court as hereinabove provided, and on appeal either party may demand a trial by jury on the trial in said circuit court, and the trial in said circuit court shall be de novo."

So, it must be conceded that the Local Act by which the Inferior Court of Coffee County was created, provided for an appeal by either party in a civil suit from the judgment of said court, returnable to the circuit court of said county, and that on the appeal either party may demand a trial by jury on the trial in the circuit court, and that the trial on appeal in the circuit court shall be de novo.

It is contended by petitioner that inasmuch as it is provided by the act that appeal bonds and supersedeas bonds must be filed with the Clerk within thirty days from the date of the rendition of the judgment, the appeal should have been taken by the defendant within 30 days from the 2d day of March, 1934, shown by the record to be the day on which the Hon. W. M. Brunson, Judge of the Inferior Court, rendered final judgment in favor of the plaintiff and against the defendant in the Inferior Court, in said case.

That judgment, however, was never legally entered upon the minutes of the Inferior Court, until the 25th of October, 1938, when it was finally ordered, in a proceeding nunc pro tunc in the circuit court, that said judgment as the same was then amended be entered upon the record of said Inferior Court.

In our case of Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 26 Ala. App. 136, 155 So. 710, 713, it was said: "There is a distinction and a difference between the rendition of a judgment and the entry of the judgment in the minutes of the court."

With respect to our pronouncement in the above-stated case, our Supreme Court, upon application for certiorari to this court in the same case, 229 Ala. 91, 155 So. 716, said: "The judge is alleged to have made a bench note on the verdict finding for plaintiff and assessing the damages. Unless it otherwise appears to be ordered by the court, there is a duty thereby impliedly directed to be performed by the clerk to enter the judgment at length on the minutes. Besides the cases cited by the Court of Appeals, we note that 1 Freeman on Judgments, § 48, makes the same assertion with a list of cases. The judgment is only proven by the minutes, and unless formal-

ly entered on the minutes it is not appealable, and not provable as a completed judgment. Section 10125, Code and annotations; Webb v. French, 225 Ala. [617], 618, 144 So. 818; Morgan v. Flexner, 105 Ala. 356, 16 So. 716; 1 Freeman on Judgments, § 49; Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am.St.Rep. 117; Clements v. Hodgens, 210 Ala. 486, 98 So. 467."

It affirmatively appears from the record in this case that the appeal was taken from the judgment of the Inferior Court of Coffee County to the circuit court of said county, on the 12th day of November 1938, and within thirty days from the 25th day of October, 1938, when said judgment was entered nunc pro tunc upon the minutes of said Inferior Court. Under the decision of our Supreme Court in the case of Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., supra, the judgment of the Inferior Court of Coffee County in this case was not appealable until the 25th day of October, 1938. The appeal was taken within thirty days from that date, and was taken in accordance with the law in such cases made and provided.

The petitioner does not show that he has a clear, specific, legal right to the writ of mandamus applied for. On the contrary, it is made to appear by the record that the appeal from the judgment of the Inferior Court of Coffee County to the circuit court of that county was properly and legally taken and that for this reason the presiding judge of the circuit court, acted legally and correctly in overruling and denying the petition of J. W. McCollough, petitioner, to dismiss said appeal and to strike said case on appeal from the docket of the circuit court of Coffee County, Alabama, Elba Division.

The writ of mandamus applied for must, therefore, be denied.

Writ denied.