43 So.2d 402

**REA v. REA.**

**8 Div. 506.**

Supreme Court of Alabama.
Dec. 15, 1949.

Potts & Young, of Florence, for appellee.

Bradshaw & Barnett and Elbert B. Haltom, of Florence, for appellant.

---

BROWN, Justice.

The bill is by the wife against her husband seeking a decree of the court awarding her the custody of the two infant sons of the parties to wit Edward Michael Rea, seven years of age who at the time of the filing of the bill and now is in the custody of the respondent, and James Lee Rea, age two years who was and now is in the custody of the complainant, who lives in the home of her father in the Town of Thebes in the State of Illinois.

The bill after making appropriate and sufficient allegations as to the relation of the parties, their ages and residence and the ages and custody of said two infant sons, further alleges (to state the substance of the allegation), that the conduct and treatment by respondent of complainant years prior to their separation was such as to undermine complainant's health; that during the years 1945 and 1946 he was guilty of

adultery which caused complainant much mental anguish and suffering. That shortly before complainant ceased to live with him, in a fit of rage he ordered complainant to leave their home in Florence, Alabama; that in a fit of rage he broke three keys of the piano on which she was playing and on one occasion requested her to kill him by shooting him with a gun.

That in July 1948 the respondent came to Thebes, Ill., where she and said children were living in the home of her parents and induced complainant to permit Edward Michael to return to Florence with him and live with respondent during vacation per-. iod. That respondent immediately filed a petition in the circuit court, in equity, praying that the custody of Edward Michael be awarded to him; that respondent brought said child to Florence to give the Alabama Courts jurisdiction over the custody of said child. That complainant appeared to defend said suit and the respondent dismissed the same without attempting to have it decided on its merits. That complainant "is, in all respects, a suitable and proper person to have the custody, care and control of the said children of Complainant and Respondent, to wit, Edward Michael Rea and James Lee Rea. That she has a good education and is presently employed as a teacher in the public schools of Thebes, Illinois from which employment she has an income of $1400 per year. That she is a woman of good morals and is religious and attends Sunday School and Church regularly with James Lee Rea, who is in her custody." That the town in which she resides is well located and a fit place for rearing, caring for and educating said children, with churches and schools of high rating conveniently located in respect to her place of residence. That the home in which she lives is equipped with modern conveniences, with large lawn for play grounds.

That said Edward Michael was born with weak lungs and has since birth required special care and attention which complainant gave him until the respondent took him back to Florence and during the child's stay with her in the home with her she gave him piano lessons. The bill alleges "that Respondent is not a suitable person to have custody of the two children of Complainant and Respondent. That he is employed in operating a cafe, grocery store, etc., known as the Hangar in Florence, Alabama, which said employment requires many hours of work on the part of Respondent; that Respondent's Mother also assists in operating the said Hangar and the said child, Edward Michael Rea, is neglected by Respondent, especially during the time when Florence State Teachers College is in session.

"That Respondent does not encourage religious training for the said Edward Michael Rea and has stated to Complainant that he is an atheist.

"That respondent has sufficient real estate and personal property and a sufficient income out of which to support the children of complainant and respondent."

The bill prays that the custody of said children be by decree of the court awarded to the mother and that the court, following its own course of procedure, ascertain and allow a reasonable allowance for their support and maintenance and for general relief.

The respondent demurred to the bill on sundry grounds, among others, for want of equity, want of jurisdiction; that the complainant is not shown to be a fit person to have their custody; that it is not averred that complainant's father and mother are fit persons to have their custody. That the allegations of the bill do not show that the respondent is not a fit person to have their custody. To the aspect of the bill seeking the custody of James Lee Rea, for want of equity, that the allegations of the bill show that said child is in the State of Illinois, not within the jurisdiction of the court. The circuit court sustained the demurrer as to the aspect of the bill seeking the custody of the younger child James Lee and dismissed that aspect and overruled otherwise the demurrer. From that decree the respondent appealed.

■ The bill invoked the jurisdiction and powers of the court in respect to the

domestic relations of the parties who are still husband and wife as to the custody of said children and prayed the court to decree as to what is for the best interest of such children and to enforce the duty of contributing to their support. Where as here the party complainant in her pleadings predicates her right to relief on the statute, Code of 1940, Tit. 34, § 79, the bill, to withstand appropriate grounds of demurrer, should allege as a fact that the parties have voluntarily separated and while it need not be shown that the separation was by the express consent of both parties, such consent may be inferred from the circumstances leading up to and attending such separation. Bryan v. Bryan, 34 Ala. 516; Anonymous, 55 Ala. 428, 431; Anonymous, 206 Ala. 295, 89 So. 462; Royal v. Royal, 167 Ala. 510, 52 So. 735; Butler v. Butler, 222 Ala. 684, 134 So. 129; McLellan v. McLellan, 220 Ala. 376, 125 So. 225.

■■ The general demurrer to the bill for want of equity was overruled without error and the specific grounds were not well taken. The demurrer does not take the point that the bill does not allege in terms that the separation between the parties was voluntary. Treating amendable defects as amended, as must be done in considering the demurrer for want of equity, we are of opinion that the court did not err in overruling the general demurrer.

■ In the absence of cross-assignments of error by appellee on the record, we are of opinion that the correctness of the court's ruling in said decree in respect to the younger son of the parties, who at the time of the filing of the bill was in the State of Illinois, is not presented for decision. However we do not wish to be understood as holding that that part of the decree was free from error.

The complainant is allowed thirty days to amend her bill as she may be advised.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.