221 So.2d 378

Jessie E. RICHARDS

v.

Marvin ELROD, Sr.

7 Div. 827.

Supreme Court of Alabama.

March 27, 1969.

**20**

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

W. W. Watson, Fort Payne and Hutson & Elrod, Decatur, for appellant.

Loma B. Beaty, Fort Payne, for appellee.

MERRILL, Justice.

This is an appeal from a judgment of the circuit court affirming a judgment of the probate court granting letters of guardianship over the estate of Daisy Elrod Walker, a person who had been adjudged to be of unsound mind.

■ We have this day reversed the case of Walker v. Elrod, 284 Ala. 32, 221 So.2d 391, a companion case, on the ground that the jury called in the lunacy inquisition was improperly selected and chosen. The effect of such reversal is that Daisy Elrod Walker has not yet been legally determined to be a person of unsound mind. Until that has been properly determined, there is no occasion for the appointment of a guardian for her. Tit. 21, § 10, provides that a guardian for a person alleged to be of unsound mind, residing in the county, must not be appointed until an inquisition has been had and taken.

■ Our decision in Walker v. Elrod, supra, renders the question sought to be presented in this appeal moot, and it follows that the judgment of the circuit court must be reversed and the cause remanded to that court for remandment to the probate court in order that the probate court may set aside the appointment of the guardian for Daisy Elrod Walker.

In the following remarks, we make no effort to prejudge the actions of the probate court or to influence its decision in the appointment of a guardian in this case should it become necessary. It may be that the probate judge knows all the parties and witnesses personally, or that he knows as much or more about the case than do the witnesses. But we, as a reviewing court, must go by the cold facts and testimony as revealed by the record.

■■ It is doubtful that the record shows any evidence of the fitness of appellee to be appointed guardian. The record is replete with evidence that his fitness as a guardian is open to question and some of this evidence came from his witnesses. Appellee was present and heard the testimony but still offered none to refute that before the court, or any to support his own averment in his petition that "he is a qualified person to act as the Guardian of the said Daisy Elrod Walker." (Tit. 21, § 14, uses the word "suitable" but we think the word "qualified" might be construed as to include "suitable.")

Title 21, § 23, provides:

"If there are two or more applications for the guardianship of a person of unsound mind, the court must prefer that person who is of nearest relationship, and will, in the judgment of the court, best manage the estate of the ward."

We have said that the paramount consideration of the law has always been the best interests of the ward and of his estate, and this is peculiarly the case in the selection of his guardian. Boylan v. Kohn, 172 Ala. 275, 55 So. 127.

■ Here, one of the applicants for guardianship was a brother (appellee) and the other a sister (appellant) of Daisy Elrod Walker. When there is a contest between applicants as here, there must be some affirmative evidence *in the record* on appeal to show that the applicant appointed by the probate court is a suitable person for such appointment. We stress again that what we have written in the foregoing four paragraphs is only for in-

formation and guidance for the probate court in case the question arises again.

Appellee filed a motion in circuit court to dismiss the appeal and it was overruled. He makes a similar motion here.

Grounds 1, 2 and 5 of the motion are that the bill of exceptions is incomplete. The answer is that the bill of exceptions carries the following certificate signed by the judge of probate:

"The above and foregoing bill of exceptions is this day approved; signed and sealed as correct, as truly presenting the points of decision and the facts and as the lawful bill of exceptions of Jessie E. Richards.

"Done this 17 day of November, 1967."

This certificate was made after a motion to strike the bill of exceptions had been made by the appellee and overruled by the probate court.

■■ Absolute verity must be imputed to the record and by its contents must we be controlled. Under the certificate, we are without authority to deal with the bill of exceptions on any hypothesis to the contrary. Ayers v. Roper, 111 Ala. 651, 20 So. 460; Excelsior Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 So. 347. These grounds of the motion were without merit.

■ The third ground of the motion is that Jessie E. Richards, the sister who was one of the applicants for appointment as guardian, is not a proper party to file a bill of exceptions in this cause.

In Loftin v. Carden, 203 Ala. 405, 83 So. 174, this court said: "The decree or order of the court granting letters (of guardianship) to one petitioner and denying them to the other was unquestionably a judgment or order which would support an appeal." The appeal in Boylan v. Kohn, 172 Ala. 275, 55 So. 127, cited supra, was an appeal by an unsuccessful applicant for letters of guardianship of a non compos mentis. This ground is without merit.

■ The only other ground of the motion to dismiss cites Bank of Dothan v. Wilks, 132 Ala. 573, 31 So. 451, which says: "The bill of exceptions in the record can only be looked to for the purpose of reviewing the motion, (for a new trial), and not for the purpose of reviewing the rulings of the court made upon the trial of the cause," citing Alabama Midland Railway Co. v. Brown, 129 Ala. 282, 29 So. 548.

We have examined the original record in the *Wilks* case and find that it was tried in the fall term, 1899, a motion for a new trial regularly continued until the fall term, 1900, when it was overruled. The court allowed thirty days for the preparation of the bill of exceptions which was approved and signed by the court "within the time allowed by the court for the filing of his bill of exceptions," on November 15, 1900.

In both the *Wilks* case and the *Brown* case, cited therein, the bills of exceptions were signed at a later term than the term in which the trial was held.

A statute then in effect, § 616, Code 1896, provided:

"No bill of exceptions can be signed after the adjournment of the court during which the exception was taken, unless by consent or agreement of counsel in writing, except in such cases as is otherwise provided."

No consent or agreement of counsel appears in the record in the *Wilks* case, and the failure to follow the statute accounts for the language quoted from that opinion. The statute, § 616, became inoperative when terms were abolished in circuit courts.

The motion to dismiss the appeal is denied.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.