221 So.2d 391

**Daisy Elrod WALKER**

v.

**Marvin ELROD, Sr.**

**7 Div. 828.**

Supreme Court of Alabama.

March 27, 1969.

W. M. Beck, Sr., Fort Payne, and Hutson & Elrod, Decatur, for appellant.

Loma B. Beaty, Fort Payne, for appellee.

MERRILL, Justice.

This appeal is from a judgment of the circuit court which affirmed a judgment of the probate court which adjudged Daisy Elrod Walker to be a person of unsound mind.

The only question on the merits with which we concern ourselves is the propriety of the jury at the inquisition in probate court.

On March 15, 1967, Marvin Elrod, Sr., a brother of Daisy Elrod Walker, filed a petition to have his seventy-one year old sister declared non compos mentis. An attorney, who was appointed guardian ad litem, denied the allegations and the hearing was set for March 25 and then continued by agreement to April 1. The cause was then continued to April 7. For that hearing, the sheriff had summoned from the neighborhood where Daisy Elrod Walker resided the following jurors: Lester Houston, Henry Andrews, L. E. Bonds, Jerry Don Jones, Lamar Greene and Wayne Phillips.

The hearing began and we quote from the bill of exceptions:

"During the course of the voir dire examination of the veniremen originally summoned, the venireman Henry Andrews, after having originally stated that he would not have any fixed opinion as of right then as to the ability of Daisy Elrod Walker to manage her own affairs, eventually stated that he would have a fixed opinion as to the point. He thereupon was challenged for cause and his place on the venire was supplied by one Sammy Cash, a bystander. * * *"

This was proper and in compliance with Tit. 21, § 13, Code 1940.

Marvin Elrod, Sr., began to testify and after satisfying the jurisdictional require-

ments, he testified as to a statement he had received from his sister's attending physician. When it appeared that this statement had already been "introduced into the court file" and counsel for Daisy Elrod Walker could not cross examine the doctor, her counsel moved for a continuance, which was granted and the cause was continued to April 20, 1967. Prior to the setting of the new date, counsel for Mrs. Walker "suggested that the jury then sitting should be discharged. There was no ruling made in open court, however, in response to such suggestion." But the record shows an order to the sheriff signed by the probate judge to summon "six disinterested persons of the neighborhood where the said Daisy Elrod Walker resides" to serve as jurors.

The return of the sheriff shows the names of five of the same jurors who heard the proceedings on April 7: Houston, Bonds, Greene, Phillips, and Cash. The sixth man was Lee Nichols instead of Jerry Don Jones. The return shows a mark through Houston's name and the name of Edd Ashley at the end of the list. We quote from the bill of exceptions:

"When the hearing was resumed on 20 April pursuant to continuance, one of the jurors originally impaneled, namely, Lester Houston, was absent. It was made known to the court that Mr. Houston had asked one Ed Ashley to serve in Mr. Houston's place and stead. Counsel for Mrs. Walker objected to the substitution, as a juror, of one who had not been a member of the jury originally qualified and impaneled. Counsel for Mrs. Walker accordingly moved that the jury as so undertaken to be reconstituted be dismissed and a new venire summoned. Counsel for the petitioner, Marvin Elrod, thereupon called the court's attention to an order, purportedly dated April 7, 1967, and contained in the court file, which order counsel for petitioner said, had directed 'the Sheriff to summon six additional jurymen to try this case'. Counsel for the petitioner also called the court's attention to the return made by the Sheriff. Before the court's attention had been called to the said order and return, however, the court had overruled the motion, interposed by Mrs. Walker's counsel, that the re-constituted jury be dismissed and a new jury made up. Mrs. Walker then and there duly and legally excepted to the overruling of her said motion."

After some other preliminary proceedings "the court administered an oath to the persons then and there assembled as and for a jury" and "the petitioner, Marvin Elrod, testified to substantially the same effect respecting his place of residence, his blood relationship to Mrs. Walker, and her age as he had testified at the hearing as commenced on 4 April and as hereinabove recited."

We come now to the first assignment of error argued before the circuit court and the first error urged upon us. The circuit court answered the argument in the following language in its decree:

"The first assignment of error made by the Appellants concerns the Court refusing to discharge the jury and summon a new jury after the case had been continued from one day to another, and when a juror who was present on the first day failed to appear on the second day and his place was taken by another juror. It appears from the record that on the day that the hearing was resumed the Court proceeded to replace the absent juror with another juror, and after having resworn the entire venire, proceeded with the trial anew. Title 21, Section 13 Code of Alabama 1940, as recompiled 1958 sets forth the procedures to be followed by the Probate Judge in selecting a jury in matters of this nature. This section provides that if any of the jurors are excused from serving, fail to attend, or are absent for any cause, their places may be supplied from the bystanders. Under this section this Court is of the opinion that the Probate Court had unlimited authority to replace a juror provided the proceedings were started anew.

The Court, therefore, finds no error in that action of the Probate Court."

Title 21, § 12, requires that the jurors in a lunacy inquisition be "disinterested persons of the neighborhood."

Title 21, § 13, provides:

"At the time set for the trial, if good cause be not shown for continuance, the jury must be impaneled and sworn well and truly to make inquisition of the facts alleged in the petition, and a true verdict rendered according to the evidence. If any of the jurors are excused from serving, fail to attend, or are set aside for any cause, their places may be supplied from the bystanders."

We agree with the circuit court that in the absence of a summoned juror, a qualified bystander may be substituted, but this is applicable only before impanelment. Once the list is made up for the trial of a cause, it is error to allow a juror to refuse to serve without being discharged by the court. Powell v. State, 48 Ala. 154. There, the court said:

"* * * The court may discharge a juror after his selection, if he becomes sick, or if for other cause it becomes necessary, in the opinion of the court to discharge him.—Revised Code, §§ 4201, 4202, 4203. But it does not appear that the juror in this case was discharged by the court. After being selected and accepted by both parties, he was permitted to leave the court and another juror was selected in his place, without the consent of the accused. This was error."

Title 30, § 98, is the same as § 4201 of the Revised Code of 1867, cited supra, and reads:

"If before the jury retires one of them becomes so sick as to incapacitate him for the performance of his duty, or any other cause renders it necessary, in the opinion of the court, to discharge a juror, such juror may be discharged, another summoned in his place, and the trial commenced anew."

In the *Powell* case, instead of the court discharging the juror, he discharged himself. Even though the trial court apparently ratified the discharge by impaneling another, it was error. Here, the record shows that the juror Ashley had been asked by juror Houston to serve in his place. This is not the way juries are selected and chosen in Alabama. Had there been no objection, the error would have been waived. But when counsel for Daisy Elrod Walker objected, the court should have asked Ashley to step aside and then chosen the sixth juror from the bystanders (other than Ashley) as provided in Tit. 21, § 13.

The probate court erred in allowing Ashley to act as a juror when he was not selected and chosen according to law but because a regularly summoned juror asked Ashley to serve in his "place and stead." It follows that the circuit court erred in not reversing the judgment of the probate court on account of this error.

Appellee has filed a motion to dismiss the appeal here. The first ground is the bill of exceptions was not filed or presented to the trial judge within ninety days after the entry of the decree or judgment as required by Tit. 7, §§ 783, 822. The basis of this contention is that the decision of the probate judge was made on April 21, 1967, at the end of the lunacy inquisition. But the record shows that the judgment or decree was not actually entered until June 27, 1967, and the bill of exceptions was timely filed from that date. The same ground was argued in support of a motion to dismiss the appeal in circuit court and that court properly denied the motion on the same ground that we deny it—that the record shows that the bill of exceptions was timely presented and filed.

Judgments must be formally entered on the minutes and are not provable except by such records; and a judgment is not

**36**

entered until it is delivered to the clerk to be filed or of writing it on the motion docket or minutes. Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716; McCollough v. Parks, 29 Ala.App. 610, 199 So. 750.

The other argued ground for dismissal is that "neither Harvey Elrod nor W. M. Beck, Sr. are proper persons to file an appeal on behalf of Daisy Elrod Walker." Mr. Harvey Elrod is a nephew of Daisy Elrod Walker and had represented her for some time before the instant proceedings started. There is no question but that he, residing in another county, associated Mr. W. M. Beck, Sr., a local attorney, with him in handling this case. Appellee raised the point of their authority to represent their client by making a motion to strike their bill of exceptions in the probate court. The probate judge signed the bill of exceptions, and appellee raised the same point in the circuit court. The circuit court ruled against appellee in the following language:

"It is therefore ordered, adjudged, and decreed as follows:

"1. That the motion of the Appellee to strike the bill of exceptions and the motion of the Appellee to dismiss the appeal are hereby overruled."

This court will not consider a part of a decree adverse to appellee where there is no cross-appeal or cross-assignment of error by appellee. Colvin v. Payne, 218 Ala. 341, 118 So. 578; Webb v. Webb, 250 Ala. 194, 33 So.2d 909 [20]; Rea v. Rea, 253 Ala. 169, 43 So.2d 402.

A similar argument and motion to dismiss the appeal was made to this court in Smith v. Smith, 254 Ala. 404, 48 So.2d 546. This court overruled the motion to dismiss the appeal saying that Tit. 7, § 782 "provides that the appeal be taken by the appellant or 'some one for him'. As pointed out this is what the respondent did in the present instance."

The judgment of the circuit court is reversed and the cause is remanded to that court for remandment to the probate court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.