SHORES, Justice.
We affirm the judgment of the circuit court and adopt Judge William R. Gordon’s opinion as our own:
“Robert E. Duke [the son of Mary Ola Duke] has appealed the decision of the Probate Court of Montgomery County, Alabama, which denied his petition to be appointed as guardian of his mother’s ... estate.
“Robert filed a petition with the probate court requesting that the court (1) declare his mother a partially disabled person in need of a guardian (Ala.Code [1975,] § 26-2-1); and (2) appoint him guardian of her estate (§ 26-2-40). A jury found Mrs. Duke to be a partially disabled person in need of a guardian, and after hearing lengthy testimony *259 from Robert and other family members, and receiving many exhibits regarding Mrs. Duke’s financial affairs, the [probate] judge held that ‘[I]t would be in the best interest of Mary Ola Duke that a third party would be deemed appropriate to handle her affairs due to the [dissension] between family members and the possible mental and physical effects it would have on the said Mary Ola Duke.’ The probate judge appointed Woodley C. Campbell, Esq., general guardian for the county, as guardian for Mrs. Duke.
“This court must examine the record of the probate court proceedings and determine if the decision of the probate judge is supported by evidence. See, Prestwood v. Prestwood, 395 So.2d 8 (Ala.1981) (appeal from probate court’s decision on a competency hearing is revisory only, and the appellant is not entitled to trial de novo). See, Franklin v. Bogue, 245 Ala. 379, 17 So.2d 405 (1944) (on appeal of a lunacy proceeding the duty of the appellate court is to determine if the decision appointing a guardian is supported by the evidence, and the decision is presumed correct). In selecting a guardian for the estate of a partially disabled person, a person of the nearest relationship to the ward is preferred (§ 26-2-49); however, the paramount consideration is the best interests of the ward (Mrs. Duke) and her estate. Boylan v. Kohn, 172 Ala. 275, 55 So. 127 (1911). ‘It is the duty of the probate court to appoint as guardian that applicant, if suitable and proper, who is nearest of kin provided he can best manage the estate_’ Boylan, at [172 Ala. 281,] 55 So. [at] 129 (emphasis in original). The general guardian of the county must be appointed guardian if no other suitable person applies for appointment and qualifies. § 26-2-50.
“The record of the proceedings below clearly and unfortunately reflects that the objection to Robert’s petition is centered around mutual distrust between brothers which has no real bearing on whether Robert is a fit and proper person to be guardian. The record shows the facts upon which those differences exist; however, the record does not show Robert to be dishonest, irresponsible in the conduct of his mother’s affairs, that he financially benefited from conducting his mother’s affairs, or that he is uncaring and does not tend to his mother’s needs.
“The testimony from other family members is to the effect that a neutral third party could better serve as guardian due to the differences between Robert and James Duke III, his brother, and this testimony was apparently given great weight by the lower court.
“The decision of the probate judge to appoint a neutral party was commendable because in his view the best interest of Mrs. Duke’s physical and emotional well-being could best be served in this manner. Mrs. Duke’s well-being is a paramount consideration; however, there is no evidence in the record of the proceedings that Robert is not a fit person to serve, or that his appointment would be detrimental to Mrs. Duke’s welfare or to her estate. The record, when viewed as a whole, simply does not support the court’s holding which declined to appoint Robert.
“This court’s holding which reverses the decision of the probate judge should not be viewed as a victory for one side and a loss for the other. In [its] effort to balance the equities in this case and avoid the continued conflict between brothers, and do what he perceived to be best for Mrs. Duke, the lower court reached a conclusion which was Solomonic in its wisdom as it attempts to ease the differences between James and Robert, but [which was] not supported by the record.[1] The testimony of other family members who opined that a neutral party should be appointed guardian ad litem was, for the most part, based on their feelings concerning a financial transaction which they believed violated a trust between the brothers. Their opinion on this point was unyielding, even though the record substantiates that Robert has conducted his mother’s financial affairs *260 for the past two years in a prudent manner.
“Based on the foregoing, it is, ORDERED, as follows:
“That the decision of the probate court is reversed, and this case is remanded to the Probate Court of Montgomery County, Alabama, for the entry of an appropriate order appointing Robert E. Duke as guardian of the estate of Mary Ola Duke upon Robert E. Duke’s posting a guardian’s bond as required by Ala.Code [1975,] § 26-3-1.
The circuit court’s judgment reversing the judgment of the probate court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

"1 Cf., In re Crocheron’s Estate, 16 Idaho 441, 101 P. 741 (1909) (a person having a legal right to be appointed guardian of an infant, who is found to be a fit and proper person, should not be denied such right merely because the appointment of some other person would be more to the infant's advantage).”