Jack Meadows appeals from a probate court order denying his petition to be appointed guardian of Vera Meadows and conservator of her estate.
Jack Meadows is the nephew of Vera Meadows, an 85-year-old retired school teacher with Alzheimer's disease. In 1986, Vera moved in with Jack and his family after Vera's brothers and sisters decided that Vera was unable to continue living by herself because of her deteriorating mental condition. Jack and his wife took care of Vera until Jack's wife developed serious health problems that required permanent hospitalization. Jack took over the primary care and responsibility for Vera. He prepared and served her meals, drove her to medical appointments, and administered her medication. Jack claimed that he was unable to be employed because of the time involved in caring for Vera. Jack also took care of his minor son. Jack later hired a sitter for Vera, paying the sitter $150 per week.
Vera received a teacher's retirement check and a Social Security check each month. Her money was deposited in a checking account on which Jack could write checks. Also, Social Security funds for Jack's wife and Jack's minor son were deposited in this checking account. All the financial needs of Jack, Vera, and Jack's son were paid out of this account.
On April 29, 1991, Jack filed with the probate court a petition requesting letters of guardianship and conservatorship for Vera and Vera's estate. On May 8, 1991, the defendant, Elmer Meadows (Vera's brother), filed a petition for appointment as Vera's guardian and conservator of her estate.
The probate court granted Elmer's petition. Jack appeals. We note that Elmer failed to file a brief and that this case was submitted upon Jack's brief only.
Section 12-22-20, Ala. Code 1975, provides:
 "An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may be done, the appellate court shall render *Page 885 
such decree, order or judgment that the probate court ought to have rendered."
An order appointing one petitioner as guardian and denying the petition of another is such a judgment or order of the probate court as will support an appeal under § 12-22-20. See,Richards v. Elrod, 284 Ala. 19, 221 So.2d 378 (1969), citingLoftin v. Carden, 203 Ala. 405, 83 So. 174 (1919).
The finding of a probate court based on the examination of witnesses ore tenus is presumed to be correct and will not be disturbed on appeal unless palpably erroneous. Davis v. Davis,278 Ala. 328, 178 So.2d 154 (1965); Henderson v. Feary,340 So.2d 808 (Ala.Civ.App. 1976), cert. denied sub nom. Ex parteFeary, 340 So.2d 811 (Ala. 1976). The paramount concern is the best interests of the ward and the ward's estate. Duke v. Duke,522 So.2d 258 (Ala. 1988).
Because there was no transcript of the probate court hearing, Jack, acting pursuant to Rule 10(d) A.R.App.P., attached a summary of testimony given at the hearing on the petitions. (C.R. 85-104.) The probate court's order gave no reason for the appointment of Elmer instead of Jack.
According to Jack's summary of the testimony from the hearing, Elmer testified that if he were appointed Vera's guardian, then Vera would live with one of their brothers and sisters for a 6-week period and then move to another sibling's home for 6 weeks. Elmer also stated that if Vera's mental condition did not improve, then she would be placed in an institution. Elmer testified that he did not think Jack should be able to "live off" Vera's money, especially since Jack is unemployed. He stated that Jack had purchased an automobile with Vera's money.
Jack's summary indicates claims that Kent Blocker, a counselor with "Stress Control Services," testified at the hearing that Vera needed constant supervision. Blocker stated that it was important for Vera to remain in familiar surroundings. The court requested Dr. Eugene Bradley, a general medical practitioner, to examine Vera. In his report, he stated that Vera required constant supervision and that, based on his discussions with Jack, he felt that Jack was capable of caring for Vera. Jack's mother testified that Vera had told her that she wanted to remain with Jack.
It appears that the probate court may have been concerned with Jack's management of Vera's money and not with Vera's best interests. Because there is no evidence in the record supporting the probate court's order naming Elmer as Vera's guardian and as conservator, we must reverse. Duke v. Duke,522 So.2d 258, citing Prestwood v. Prestwood, 395 So.2d 8 (Ala. 1981).
Therefore, we reverse the judgment of the probate court appointing Elmer as guardian and conservator and we remand the case with instructions for the probate court to appoint Jack as guardian and conservator instead.
As to any concerns for the management of Vera's estate, we note that § 26-2A-144(a) provides in pertinent part:
 "Any person interested in the welfare of a person for whom a conservator has been appointed, any person interested in the proper administration of the estate, or the court on its own motion, may file a petition in the appointing court or the court to which the conservatorship has been transferred for an order:
". . . .
 "(2) Requiring an accounting for the administration of the trust. . . ."
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur. *Page 886