(83 South. 174)

LOFTIN v. CARDEN.    (4 Div. 824.)

(Supreme Court of Alabama.   June 26, 1919. Response to Application for Rehearing Oct. 23, 1919.)

1. APPEAL AND ERROR &copy;=>843(2)—PARTIES APPELLANT; DETERMINATION.

Where the court heard applications of two different petitioners for the guardianship of the same infant, granting letters to one petitioner and denying them to the other, whether the appeal therefrom should have been prosecuted in the name of the infant by defeated petitioner as its next friend, or merely in the name of the petitioner, need not be decided, since all of the parties are before the court who would be liable for the cost of the appeal.

2. GUARDIAN AND WARD &copy;=>13(3)—APPOINTMENT OF GUARDIAN.

Where the statutes do not provide for notice to the infant or minor in proceedings for appointment of guardian, such notice is unnecessary, particularly where the infant is but two years of age, so that notice would be useless.

3. GUARDIAN AND WARD &copy;=>8—APPOINTMENT OF GUARDIAN; RESIDENCE OF INFANT.

Where a two year old infant was removed to the county where its parents were buried, and remained there in the possession and control of petitioners for some time, such county became the residence of the infant so that the probate court thereof had jurisdiction under Code 1907, § 4337, to appoint its guardian.

4. GUARDIAN AND WARD &copy;=>10—APPOINTMENT OF GUARDIAN; PREFERMENT FOR NEAREST RELATIVE.

In view of Code 1907, § 4342, it was incumbent on the court to prefer, among applicants for the guardianship of an infant, that person nearest in relationship to the infant.

5. GUARDIAN AND WARD &copy;=>13(8)—JUDGMENT APPOINTING GUARDIAN APPEALABLE.

In view of Code 1907, §§ 2855, 2866, a decree or order appointing one petitioner as guardian of an infant, and denying the petition of another, is such a judgment or order of the court of probate as will support an appeal.

Response to Application for Rehearing.

6. DOMICILE &copy;=>5—OF INFANT; CHOICE BY PARTY HAVING LEGAL CUSTODY.

Where both the father and mother of an infant were dead and the infant of insufficient age to choose residence or domicile, the maternal aunt of the infant having its legal custody and control could choose its residence or domicile.

7. APPEAL AND ERROR &copy;=>112—DISMISSAL OF APPEAL FROM VOID DECREE.

If a probate court had no jurisdiction to appoint a guardian for an infant, then such judgment or order or decree therefor appealed from would be void, and would not support an appeal because coram non judice, and the appeal would have to be dismissed.

Appeal from Probate Court, Dale County; E. S. Windham, Judge.

Petitions by Mrs. Margaret I. Carden and Mrs. Birdie L. Lewis for letters of guardianship of the person and estate of Albert Winters Loftin. From a decree awarding letters to Mrs. Margaret I. Carden, the infant, by his next friend, Mrs. Birdie L. Lewis, appeals. Affirmed.

The facts sufficiently appear from the opinion.

Joseph E. Acker and Sollie & Sollie, all of Ozark, for appellant.

Riley & Stokes, of Ozark, for appellee.

---

&copy;=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Ante, p. 129.      [3] Ante, p. 128.

MAYFIELD, J. The real contest in the court below was as to which one of two applicants or petitioners should be appointed guardian of the person and estate of appellant, an infant about two years of age.

These contestants in the court below were appellee and the now named next friend of appellant. Both of these parties filed applications or petitions in the probate court of Dale county, seeking and praying that letters of guardianship issue to her, respectively, as prayed. The petitions were pending at the same time, and each alleged practically the same state of facts. The trial court properly heard both of these petitions at the same time, and the evidence as to each was practically the same as to the jurisdiction of the court and the necessity of appointment; the only difference being as to the proper choice or selection of one of the two parties.

The court granted the petition of appellee and dismissed that of the now next friend of appellant, and entered all appropriate orders. The now next friend of appellant did not appeal from the order denying her petition and granting that of appellee, as she could have done; but as next friend of the infant applied to the court that the infant be made a party thereto. The court on this application allowed a bill of exceptions setting out the entire proceedings above referred to, and thereafter this appeal was prosecuted by the infant through and by its next friend.

[1] Appellee moves to dismiss the appeal because the infant was not a party to the order or decree appealed from. Appellant replies that, while not named pro forma as a party, it was interested therein, its person and property being the very subject-matter of the order and decree; that on its motion, through and by its next friend, it was subsequently made a party thereto for the purpose of prosecuting this appeal.

As we view the record, and hold in this case, it is unnecessary to pass on the motion to dismiss the appeal because the probate court unquestionably acquired jurisdiction of the parties and subject-matter as to the appointment of a guardian for the infant. The decree or order of the court granting letters to one petitioner and denying them to the other was unquestionably a judgment or order which would support an appeal. The infant was unquestionably interested in the proceedings and the decree or order, and whether the appeal should have been prosecuted therefrom in its name by next friend (as was done), or by this now next friend in her own name, as petitioner for like letters (whose petition was denied), it is unnecessary to decide, because the same persons will be liable for the costs of appeal, no matter in whose name the appeal should be prosecuted.

[2] The statutes in these cases and proceedings do not provide for notice to the infant or minor; the minor being an infant only two years of age, it would have been useless, if not foolish, to serve it with notice—it could not have comprehended the object or effect of the notice.

[3-5] The petitions were by the persons having the custody and control of the infant. It was alleged and proven that both its parents and natural guardians were dead, and that it had been removed into Dale county at the time the dead bodies of its parents were removed there for burial, and had remained there in the possession and control of the petitioners ever since. It was even doubtful whether its parents were not residents of Dale county when they died; but as to this it is not necessary to decide, because undoubtedly Dale county had been lawfully made the residence of the infant when the petitions were filed and the decree rendered. Moses v. Faber, 81 Ala. 449, 1 South. 587. So there is no question as to the jurisdiction of the probate court of Dale county. Code, § 4337. There is no question as to which of the two or three petitioners were entitled to letters of guardianship. Code, § 4342. Nor is there any doubt that the judgment or order of the court of probate will support an appeal. Code, §§ 2855, 2866.

So whether the appeal should be in the name of the next friend, or of the infant by such next friend, it is not necessary to decide. The record in this case shows no error whatever of the trial court in appointing appellee as the guardian. There is nothing to show that she is not a proper party in all respects to act as such guardian. If it should ever in the future be made to appear that she is not a proper person to act as such guardian, the statutes provide for her removal and the appointment of a suitable person.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

Response to Application for Rehearing.

MAYFIELD, J. Counsel in his application for rehearing has evidently misinterpreted the opinion and decision in this case. It was not decided in this case that the residence of an infant was not that of its parents, or that the infant could change its residence without the consent of the parents pending minority; nor was it decided that the mother is not the natural custodian and guardian of an infant after the death of the father.

[6] In this case both the father and mother of the infant were dead, and the infant was not of sufficient age to choose a residence or domicile. The appellee in this case being the maternal aunt of the infant, and having the legal custody and control of it, could cer-

tainly choose the residence or domicile of the infant which could not choose its own, in the absence of both father or mother or other person having a better right to the custody and control of the infant. So, if it should be conceded that the residence of the infant was ever in Bullock county, the undisputed evidence shows that that residence was changed to that of Dale county when the probate court of that county assumed jurisdiction and appointed a guardian for the infant. But, as stated in the original opinion, it was certainly open for the court to find that the infant had never had a residence in Bullock county, for the reason that the evidence was not undisputed that either of its parents ever acquired a residence in Bullock county. There is evidence in the record from which the court might find that they did, or did not, acquire a residence in Bullock county. It is certain that both the appellant and appellee, as well as counsel for appellant and appellee, at one time, at least, conceded that the Dale probate court had jurisdiction to determine the question of guardianship for the infant, because it indisputably appears, and is conceded, that both appellant and appellee, acting through their attorneys, made application to the probate court of Dale county to be appointed guardian of this same infant.

We have carefully examined and reviewed all of the authorities cited by counsel for appellant in his brief, and we cannot agree with counsel that any one of the cases holds anything different to what we have decided in this case.

[7] It must be remembered that this case is before us on appeal from the probate court, and that no contest was made in the probate court as to the jurisdiction of that court to appoint a guardian for the infant. As before stated, that was conceded by all parties, and hence no evidence was taken to prove or disprove the jurisdiction of the court, other than that introduced for other purposes. We feel there can be no doubt that the record before us fails to conclusively show that the probate court had no jurisdiction to appoint a guardian in this case, for the reason that the residence of the infant was in Bullock county or in any other county, and that there is ample evidence to support the holding that the probate court did have jurisdiction. It is not improper to say, however, that, if the probate court had no jurisdiction, then the judgment, order, or decree rendered by the court—from which this appeal is prosecuted—would be void, and would not support an appeal because it would be coram non judice, and hence the appeal would have to be dismissed.

We are wholly unable to see that there is any conflict whatever in the holding in the cases cited by counsel for appellant and the holding in this case, for the reason that the facts are entirely different.

It results that the application for rehearing must be overruled.