KENNEDY, Justice.
The plaintiff appeals from a summary judgment in favor of the defendants, Norfolk Southern Corporation, Southern Railway Company, Inc., Charlie Beckwith, Nathaniel Burt, and Jimmy Larimore. We reverse and remand.
Viewing the evidence in a light most favorable to the plaintiff, as we are required to do under the standard of review applicable to this case, we find the evidence tending to show the following: On October 15, 1988, a Norfolk Southern train was traveling west from Sheffield, Alabama, to Memphis, Tennessee. As the train proceeded west through Sheffield, it passed through the Atlanta Street crossing. At that particular crossing, there are three sets of train tracks. The train was traveling on the second or middle set of tracks. From that crossing, train engineer Charlie Beckwith, conductor Jimmy Larimore, and brakeman Burt Nathaniel had a clear view of the next crossing, the Montgomery Avenue crossing. Beck-with, Larimore, and Burt could also see Roger Lee Franks and his wife Georgia Franks walking toward the Montgomery Avenue crossing.
Roger crossed the first and second set of tracks, stopping on the north side of the second set of tracks. Georgia then crossed the first set of tracks, stopped, and pointed toward the oncoming train. At that point, she was 40 feet from the point where the train later hit the Frankses. Roger motioned for her to cross the second set of tracks. Several members of the train crew saw Georgia as she was about to attempt to cross the tracks and said that they hoped she would not try to cross.
As Georgia attempted to cross the tracks, either she tripped or her foot became caught in the tracks. Roger then went to her and tried to help her off the tracks. Roger was able to turn her toward the south; however, the train struck both Roger and Georgia. Both of them were found on the south side of the second track; Georgia died and Roger was severely injured.
Steve Franks, as administrator of the estate of Georgia Franks and as conservator of the estate of Roger Franks, sued, claiming that Georgia’s death and Roger’s injuries were caused by negligence and wantonness on the part of the defendants. The trial court entered a summary judgment in favor of the defendants.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. § 12-21-12, Ala.Code 1975; Hope v. Brannan, 557 So.2d 1208 (Ala.1989). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The evidence will be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).
Franks argues that the defendants are liable on the theory of subsequent negligence. He concedes that the railroad owes no duty to an undiscovered trespasser on its track. See, Beam v. Seaboard System R.R., 536 So.2d 927 (Ala.1988), citing Atlantic Coast Line R.R. v. French, 261. Ala. 306, 74 So.2d 266 (1954). However, Franks contends that once a railroad discovers a trespasser, it has the duty to exercise reasonable care to avoid injuring the trespasser. Beam, 536 So.2d 927, citing Kendrick v. Birmingham Southern R.R., 254 Ala. 313, 48 So.2d 320 (1950). “[T]he law permits recovery ‘for a negligent failure to use preventative means to avert injury after a discovery of peril, and after a knowledge that the trespasser cannot *580 extricate himself in time to avoid being injured.’” Beam, 536 So.2d at 928, quoting Kendrick.
To support his claim of subsequent negligence, Franks presented affidavits from two eyewitnesses, both of whom stated that the crew did not apply the train’s brakes until after it had struck Roger and Georgia. Franks also presented testimony from a train accident reconstructionist, who stated that, in his opinion, if the train’s emergency brake had been applied when the crew first saw Georgia start to cross the track, the accident would not have occurred. He also stated that if the brakes had been applied at any time before the impact, Roger would have had time to push Georgia out of the way of the oncoming train. We agree that Franks submitted substantial evidence on his negligence claim.
As to the wantonness claim, we note that one of the eyewitnesses and the accident reconstructionist both stated that the train was exceeding the permitted speed when it passed through the Montgomery Avenue crossing; if a jury finds that it was, that finding could support the wantonness claim. See, Burlington Northern R.R. v. Whitt, 575 So.2d 1011 (Ala.1990), cert. denied, 499 U.S. 948, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). In Whitt, this Court held that evidence that a train approached a crossing at a speed exceeding the speed permitted by the company’s rules, when the engineer was familiar with the crossing and did not sound the whistle or apply the brakes until shortly before impact, was substantial evidence supporting a wantonness claim.
Because there are contested issues regarding when the brakes were applied and regarding the speed of the train, and because the plaintiff presented substantial evidence supporting his claims regarding these issues, we must reverse and remand for a trial on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.