679 So.2d 214 (1996)
Steve FRANKS, as administrator ad litem of the Estate of Georgia Franks, deceased
v.
NORFOLK SOUTHERN RAILWAY COMPANY, et al.
1941713.
Supreme Court of Alabama.
April 26, 1996.
*215 Leila H. Watson and Charles R. Crowder of Cory, Watson, Crowder & Petway, P.C. and David Cromwell Johnson, Birmingham, for Appellant.
David K. Howard of Jester, Howard & Jenkins, Florence, for Appellees.
BUTTS, Justice.
Steve Franks, as administrator ad litem of the estate of Georgia Delaine Franks, deceased, appeals from a dismissal of the wrongful death action he filed after the death of his sister-in-law, Georgia Franks. Mrs. Franks was struck and killed by a train on October 1, 1988, and her husband, Roger Franks, was seriously injured in the same accident. Steve Franks, Roger's brother, is also the conservator for Roger Franks, who is nonfunctional as a result of the accident. For a synopsis of the facts of the accident, see this Court's opinion in Franks v. Norfolk Southern Corp., 646 So.2d 578 (Ala.1994).
The Colbert County Probate Court appointed Danny L. Borden, Georgia Franks's brother, as administrator of her estate on August 29, 1990; however, the record indicates that Borden did not plan to file a wrongful death action.[1] Therefore, on September 27, 1990, the probate court appointed Steve Franks administrator ad litem for the purpose of filing a wrongful death action based on the death of Georgia Franks; that appointment had the effect of removing from Danny Borden, as administrator, the privilege of filing a wrongful death action. Immediately upon his appointment, Steve Franks sued Norfolk Southern Corporation,[2] Charlie Beckwith, Nathaniel Burt, and Jimmy Larimore (hereinafter collectively referred to as "Norfolk Southern"), seeking wrongful death damages based on the death of Georgia Franks and seeking damages for personal injuries suffered by Roger Franks. He alleged that Norfolk Southern had acted negligently and wantonly and had thereby caused the injuries and death.
On October 29, 1990, Norfolk Southern filed the first motion to dismiss, which is at issue in this appeal. In that motion, Norfolk Southern stated, "Steve Franks, as administrator ad litem of the Estate of Georgia Delaine Franks, deceased, is not the proper party to bring [this] lawsuit." After hearing arguments, the trial court overruled the motion and ordered Norfolk Southern to answer the complaint.
Discovery proceeded and Norfolk Southern filed its first motion for a summary judgment. That summary judgment motion made no argument that Steve Franks was not the proper party to bring this lawsuit. The trial court entered a summary judgment for Norfolk Southern, holding that no genuine issue of material fact existed; this Court reversed that summary judgment, see Franks, supra, 646 So.2d 578, and the case *216 was set for trial on May 15, 1995. On the morning of May 15, Norfolk Southern filed a second motion to dismiss or, in the alternative, for a summary judgment, claiming that "Steve Franks is not the proper party to have brought the lawsuit for the wrongful death of Georgia Delaine Franks and that action is therefore a nullity and should be dismissed...." After a hearing, the trial court reversed its earlier ruling, dismissed the action, and, in its order, stated that the appointment of Steve Franks as administrator was void and that the action was a nullity because (1) the action had not been brought by the proper party, (2) there was no relation back, and (3) the statutory limitations period had run.
On appeal, Steve Franks argues (1) that the circuit court did not have jurisdiction to consider a collateral attack on the order of the probate court appointing him as administrator ad litem, (2) that his appointment as administrator ad litem was proper and, therefore, authorized him to bring the wrongful death action, and (3) that it was prejudicial and unfair for Norfolk Southern to file on the morning of trial a second motion based on the same issue that had been ruled upon five years earlier.
The trial court's ruling on a motion to dismiss involves an application of law to the facts; therefore, the trial court's ruling is not entitled to a presumption of correctness. Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771 (Ala.Civ.App.1989). Thus, this Court must determine whether the trial court correctly applied the law to the facts in granting the motion to dismiss.

I. Appellate Jurisdiction over Probate Court Orders
In Alabama, circuit courts have "a general superintendence" over the probate courts. Ala.Code 1975, § 12-11-30(4). Encompassed in this superintendence is the power to review certain judgments and orders of the probate court, either through direct appeal or by petition for an extraordinary writ. See Helms v. McCollum, 447 So.2d 687 (Ala.1984). Sections 12-22-2 and 12-22-20, Ala.Code 1975, authorize appeals from final judgments of a probate court to either the circuit court or the Supreme Court.
This Court has held that an order appointing one petitioner as guardian of an infant and denying the petition of another was a "final" judgment or order of the court of probate and therefore would support an appeal under the predecessor of § 12-22-21. Loftin v. Carden, 203 Ala. 405, 83 So. 174 (1919). Roger Franks's situation is similar to that of an infantthe evidence indicates he is unable to care for himself, needs constant supervision, and is unable to handle his own affairs. Steve Franks is his conservator. Steve Franks was appointed administrator, instead of Danny Borden, for the purpose of bringing this wrongful death action. Therefore, the order of the probate court appointing Steve Franks was appealable to the circuit court.
An appeal from any probate judgment or order removing an executor or administrator must be taken within seven days of the issuance of the judgment or order. Ala.Code 1975, § 12-22-21(3). Borden was the administrator of the estate, and had the authority to file a wrongful death claim, until Steve Franks was appointed administrator ad litem for the purpose of bringing a wrongful death action. If, after the appointment of Steve Franks, Borden had wished to challenge the appointment, he should have appealed within seven days. He did not do so, and any appeal now would be too late.
The appellate jurisdiction of the circuit court can also be invoked by a petition for an extraordinary writ. Ala. Const. of 1901, amend. 328, § 6.04(b). Orders as to which no statute grants appellate jurisdiction are reviewed on petitions for writ of certiorari, mandamus, or prohibition. Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771 (1944). Borden has not challenged the appointment of Steve Franks by petition for an extraordinary writ, nor could any writ be issued, because the appointment of Steve Franks is within § 12-22-21(3), Ala Code 1975, which grants the circuit court appellate jurisdiction over this particular order of the probate court. By not filing a direct appeal from the probate *217 court's order, Borden forfeited his right to challenge that order.

II. The Collateral Attack
After Steve Franks was appointed administrator ad litem for the purpose of filing a wrongful death action, neither Borden nor Norfolk Southern appealed. When this case was before this Court two years ago, Norfolk Southern failed to challenge the appointment of Steve Franks as administrator ad litem and, in that case, this Court referred to Steve Franks as the "administrator of the estate of Georgia Franks." Franks, 646 So.2d at 579. Five years after the appointment of Steve Franks, Norfolk Southern filed a second motion to dismiss, although the trial court had already ruled on this issue and the parties and this Court had relied on that ruling. The trial court granted this second motion to dismiss, stating in its order:
"3. The Court further finds from the evidence that the order of the Probate Court of Colbert County, Alabama, appointing Steve Franks the administrator ad litem of the estate of Georgia Delaine Franks, states that a hearing was held on the 27th day of September 1990 in the Probate Court of Colbert County, Alabama; however, the Court specifically finds that there was no hearing, no testimony or evidence was taken before that court, and Danny Borden, the administrator of the estate of Georgia Delaine Franks, was given no notice of said hearing.
"4. The Court further finds that the petition to appoint Roger Lee Franks [sic] the administrator ad litem in the Probate Court of Colbert County contained mere allegations not supported by any testimony or evidence in the Probate Court of Colbert County, nor was it sworn to.
". . . .
"6. The Court further finds that the attempt to have Steve Franks appointed administrator ad litem fails in that the appointment does not meet a single requirement necessary to appoint [an] administrator ad litem as set out in the Code of Alabama in Section 43-2-250 et seq., and in the case of Ex parte Riley, 247 Ala. 242[, 23 So.2d 592 (1945)].
"7. The Court further finds that the appointment of Steve Franks as administrator ad litem is void."
As noted above in Section I, there are only two ways to invoke the circuit court's appellate jurisdiction over a probate court's orders. A motion to dismiss filed in the circuit court will not invoke its appellate jurisdiction over an order of the probate court. Thus, we must determine whether the circuit court's order granting Norfolk Southern's second motion to dismiss is an improper collateral ruling invalidating an order of the probate court.
The law distinguishes between a direct attack and a collateral attack on the order of another court. "A direct attack is an attempt to amend, correct, reform, vacate or enjoin the execution of that judgment in a proceeding instituted for that purpose, and... a collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted in an attempt to amend, correct, reform, vacate, or enjoin its execution." Randolph County v. Thompson, 502 So.2d 357, 361-62 (Ala.1987). Norfolk Southern's second motion to dismiss sought to have the appointment of Steve Franks declared void as to the wrongful death case; he sought this in the circuit court case, not in the probate case. The circuit court reviewed the findings of the probate court, held that the probate order was not supported by sufficient evidence, and held it invalid. This is the type of review that the circuit court could perform on appeal but, as noted above, this order of the circuit court is not the result of an appeal. The probate court has jurisdiction over the granting of letters testamentary, over the revocation of such letters, and over all controversies relating to the right of administration. Ala.Code 1975, § 12-13-1(b)(2) and (3). In addition, orders of the probate court "shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction." Ala.Code 1975, § 12-13-1(c).
"Since the Probate Court is one of general jurisdiction in the granting of letters of administration, all intendments are indulged *218 in favor of the validity of its appointment. Unless the record shows on its face a want of jurisdiction the presumption arises that the court concerned has ascertained all facts essential to the appointment, and the order granting letters can not be collaterally assailed."
Meriwether v. Reynolds, 289 Ala. 361, 364, 267 So.2d 434, 436 (1972). In order to prevent the order of the probate court from being collaterally assailed, Steve Franks must show that the probate court had jurisdiction to appoint an administrator ad litem. We hold that under the statute the probate court had jurisdiction to appoint Steve Franks. See Ala.Code 1975, § 43-2-250. Norfolk Southern argues that § 43-2-250 gives the circuit court exclusive jurisdiction over the appointment of an administrator ad litem for purposes of filing a wrongful death action. We disagree. The statute states:
"When, in any proceeding in a court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein."
The language of § 43-2-250 indicates that the legislature intended that any court, including the probate court, has the authority to appoint an administrator ad litem if the facts requiring one are established. Although the legislature has expressly granted exclusive jurisdiction to the circuit court in some specific areas, § 43-2-250 does not indicate that circuit courts are to have exclusive jurisdiction over the appointment of an administrator ad litem for the purpose of allowing a wrongful death case. Thus, we think the legislature intended for this statute to confer jurisdiction upon both probate courts and circuit courts over the appointment of administrators ad litem. We must reject Norfolk Southern's arguments regarding exclusive jurisdiction.

III. Conclusion
The second motion to dismiss filed in the wrongful death case sought to vacate the order of the probate court. In order to be a direct attack upon the probate court order, a motion would have to be filed in the probate court or else an appeal would have to be properly perfected as discussed in Section I, above. Therefore, we conclude that the motion to dismiss was a collateral attack on an order of the probate court and the dismissal cannot be upheld.
Norfolk Southern argues that Steve Franks could not meet all the requirements to justify his appointment as administrator ad litem. Because we have determined that Norfolk Southern was not a party to the probate proceedings and, thus, cannot attack the probate order, we pretermit discussion of this argument.[3]
The circuit court's appellate jurisdiction over the appointment of the administrator was not properly invoked, and we conclude that the second motion to dismiss was an improper collateral attack on that appointment. Therefore, we reverse the trial court's order dismissing this action and remand this case.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
A defendant in a civil action clearly has standing to challenge the capacity of the plaintiff to bring the action. Ex parte Izundu, 568 So.2d 771 (Ala.1990); Smith v. Potts, 293 Ala. 419, 304 So.2d 578 (1974).
The appointment of an administrator de bonis non, where there is no vacancy, is absolutely void and will be so held even in a collateral proceeding. Hickey v. Stallworth, 143 Ala. 535, 39 So. 267 (1905). An administration de bonis non is an "[a]dministration granted for the purpose of administering *219 such of the goods of a deceased person as were not administered by the former executor or administrator." Black's Law Dictionary 45 (6th ed. 1991).
Clearly, an administrator ad litem, who is appointed to represent the estate in a particular proceeding, is distinguishable from an administrator de bonis non, even though the administrator ad litem was unknown to our law before the enactment of Ala.Code 1975, § 43-2-250, and the appointment of such an administrator before that enactment would have been void. Ex parte Riley, 247 Ala. 242, 23 So.2d 592 (1945). An administrator ad litem can be appointed when "there is no executor or administrator of [the] estate, or [the executor or administrator] is interested adversely thereto." Ala.Code 1975, § 43-2-250. Even though there was an administrator when Steve Franks was appointed, Steve Franks could have established that the existing administrator was not interested in pursing a wrongful death action against Norfolk Southern Railway Company. I agree with the majority that Norfolk Southern should not be permitted to attack Franks's appointment collaterally.
Therefore, for purposes of this special writing, I assume that Steve Franks is administrator ad litem of the estate of Georgia Delaine Franks, deceased, for the purpose of bringing a wrongful death action. Is he a proper party? Franks's action is brought under Ala.Code 1975, § 6-5-410, which provides, in pertinent part: "A personal representative may commence an action ... for the wrongful act, omission, or negligence of any person, persons, or corporation ... whereby the death of his testator or intestate was caused." Is an administrator ad litem a personal representative?
The defendant predicates a great deal of its argument on the nature of the Alabama wrongful death action. I shall not commence a discussion of this Court's interpretation of § 6-5-410, because I have filled too many pages of Southern Reporter over too long a time with my protestations. See Tatum v. Schering Corp., 523 So.2d 1042 (Ala.1988) (Houston, J., dissenting), and Smith v. Schulte, [Ms. 1930362, August 18, 1995] 671 So.2d 1334 (Ala.1995) (Houston, J., dissenting). Suffice it to say that, in my opinion, an administrator ad litem is a personal representative. A "representative" is "[a] person... that in some way corresponds to, stands for, replaces, or is equivalent to, another person." Black's Law Dictionary 1302 (6th ed. 1991). The adjective "personal" is defined as "[a]ppertaining to the person; belonging to an individual; limited to the person." Black's Law Dictionary 1143 (6th ed. 1991). Steve Franks stands for and replaces the deceased Georgia Franks in this action; clearly, he is a personal representative.
NOTES
[1] Danny Borden candidly admits that his only interest in the estate was that his sister's funeral expense be taken care of. Borden had personally incurred debt in regard to his sister's funeral, and being reimbursed for this expense was his sole concern as the administrator of her estate. It appears that Borden had no interest in pursuing Roger Franks's interest in a wrongful death action.
[2] Through a series of amendments, this action became one against Norfolk Southern Railway Company.
[3] We note, however, that Norfolk Southern hired the lawyer who prepared the papers to have Borden appointed as administrator before Steve Franks was appointed. Norfolk Southern had an agreement with Borden to pay all legal bills incurred in the probate process.