BOLIN, Justice
(concurring specially).
I agree with this Court’s affirmance of the trial court’s judgment denying the motion to compel arbitration filed by Golden Gate National Senior Care, LLC, and the other appellants. I write specially concerning the aspect of this case that allowed a wrongful-death action to be filed by Donald Roser, as an administrator ad litem of his mother’s estate, against Golden Gate and other defendants for the alleged wrongful death of his mother. Based upon the reasoning below, it is my judgment that such an action may be instituted only by a personal representative, not by an administrator ad litem.
The purpose of Alabama’s -wrongful-death statute is the protection of human life and the prevention of homicides by wrongful act, omission, or negligence of persons or corporations. Mattison v. Kirk, 497 So.2d 120 (Ala.1986). This Court addressed in Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965), the issue whether a foreign administratrix (with no ancillary proceeding in Alabama) could bring a wrongful-death proceeding in Alabama and answered in the affirmative. In so doing, the Court stated:
“The words ‘personal representative’ are broader in some respects, but when used in this statute, they can only mean the executor or administrator of the injured testator or intestate.
“This statute authorizes suit to be brought by the personal representative for a definite legislative purpose — to prevent homicide. In prosecuting such actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liability of the decedent. He acts rather as an agent of legslative appointment for the effectuation of the legislative policy .... And the right is vested in the personal representative alone. No one else, under any circumstances except in the case of the death of a minor child, where Tit. 7, § 119 give a preferred right to the father or mother, can maintain the action in any forum. Holt v. Stollenwerck, 174 *366 Ala. 213, 56 So. 912 [ (1911) ]. ‘The only right or duty the administrator has is to maintain the suit, and collect the damages and pay them over to the distribu-tees. He is a mere agency and conduit, provided by the statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto.’ Kennedy v. Davis, 171 Ala. 609, 55 So. 104 [ (1911) ].”
278 Ala. at 67-68,175 So.2d at 761.
Later cases, albeit where an administrator ad litem was not appointed, have cited Hatas for the need of a personal representative to bring the action, such as in actions filed by a son alleging the wrongful death of his father, Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), and by the parents of an adult son, Brown v. Mounger, 541 So.2d 463 (Ala.1989).
The case that arguably created the practice of appointing an administrator ad li-tem to file a wrongful-death action is Franks v. Norfolk Southern Railway, 679 So.2d 214 (1996). There, the decedent had died in a train collision, and her brother was appointed to serve as personal representative. The personal representative had personally incurred debt with regard to his deceased sister’s funeral and being reimbursed for this expense was his main concern in serving as the personal representative of her estate. It appeared that the personal representative had no interest in pursuing a wrongful-death action and was serving only his own interests in administering the estate. According to the circuit court’s order, the probate court, without any notice to the personal representative, appointed an administrator ad litem to file the wrongful-death action. This was done not only without notice to the personal representative, but also without any hearing or testimony or other evidence presented to the probate court. The proper remedy would have been a motion to remove the personal representative for failing to carry out the duties of his office, so that a successor personal representative could be appointed. See § 43-2-290(2), Code of Ala.1975 (“An administrator or executor may be removed, and his letters revoked for ... (2) ... the failure to do any act as such executor or administrator, when lawfully required by the judge of probate.”). This Court’s rationale in Franks turned on the fact that the administrator ad litem had been appointed by the probate court, not the circuit court in which the wrongful-death action was pending, and that a challenge to the probate court’s appointment of the administrator ad litem in the circuit court would constitute a collateral attack on the appointment. However, even if an administrator ad litem was properly substituted for the personal representative for the purpose of filing a wrongful-death action, I question the wisdom of this rationale, because the defendant in a wrongful-death action would never have advance notice that a probate court was appointing an administrator ad litem before the wrongful-death action was filed, so as to be notified and enabled to file a timely appeal of that ruling. Also, the personal representative received no notice of the ex parte hearing regarding the appointment of the administrator ad litem and therefore was unable to file an appeal. Justice Houston, in his special writing in Franks, after recognizing that the defendant in a civil action has standing to challenge the capacity of a plaintiff to bring the action, then proceeded to distinguish an administrator ad litem from an administrator de bonis non (a personal representative appointed to collect and administer personal estate assets not administered in a prior probate proceeding) and finished his writing with the following dietionary-based ground for allowing an administrator ad litem to bring the wrongful-death action:
*367 “The defendant predicates a great deal of its argument on the nature of the Alabama wrongful death action. I shall not commence a discussion of this Court’s interpretation of § 6-5-410, [Ala.Code 1975,] because I have filled too many pages of Southern Reporter over too long a time with my protestations. See Tatum v. Schering Corp., 523 So.2d 1042 (Ala.1988) (Houston, J., dissenting), and Smith v. Schulte, 671 So.2d 1334 (Ala.1995) (Houston, J., dissenting). Suffice it to say that, in my opinion, an administrator ad litem is a personal representative. A ‘representative’ is ‘[a] person ... that in some way corresponds to, stands for, replaces, or is equivalent to, another person.’ Black’s Law Dictionary 1302 (6th ed.1991). The adjective ‘personal’ is defined as ‘[appertaining to the person’ belonging to an individual; limited to the person.’ Black’s Law Dictionary 1143 (6th ed.1991). Steve Franks stands for and replaces the deceased Georgia Franks in this action; clearly, he is a personal representative.”
679 So.2d at 219. Neither the main opinion nor the special writing in Franks discussed Rule 9(a), Ala. R. Civ. P., which provides that in order to challenge a party’s capacity to sue, one must raise the challenge by “specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.” A general denial of capacity is insufficient to satisfy Rule 9(a). Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979). Further, the defense of lack of capacity can be waived. Id. Athough the defendant in Franks had raised the issue of lack of the plaintiffs capacity to bring the suit as an administrator ad litem in an initial motion to dismiss, its subsequent motion for a summary judgment ignored this issue as did the plaintiffs appeal from the summary judgment; the issue was thereby waived. Rather than focusing on whether the plaintiff in Franks had the capacity to file a wrongful-death action or whether the defendant had waived that defense, Franks simply stands for the proposition that one cannot by filing an action in one court collaterally attack the judgment of another court.
This brings us to Affinity Hospital, LLC v. Williford, 21 So.3d 712 (Ala.2009). In Williford, the mother of a decedent who had committed suicide at Trinity Medical Center petitioned the Jefferson County Probate Court to appoint the county administrator, Doris Williford, as administrator ad litem. The request was made in order to obtain medical records held by Trinity Medical Center for an investigation to determine whether there were grounds to assert a wrongful-death claim. The probate court granted the petition. Thereafter, without any subsequent appointment of Williford as a personal representative of the decedent’s estate by the probate court, Williford, as administrator ad litem, filed a wrongful-death action in the circuit court. Trinity answered and challenged Williford’s authority to file the action as an administrator ad litem. Willi-ford then petitioned the Jefferson County Probate Court for an appointment as personal representative of the decedent’s estate, which petition was granted. The next day, Williford amended her wrongful-death complaint to substitute herself as personal representative for herself as administrator ad litem, more than two years after the decedent’s death. Trinity moved to dismiss the amended complaint, which motion the circuit court denied. However, in a permissive appeal pursuant to Rule 5, Ala. RApp. P., the circuit court certified the controlling question of law as whether the administrator ad litem had the “capacity” to file the wrongful-death action. After discussing Franks and Justice Houston’s special writing in that case, this Court answered the question from the cir *368 cuit court by correctly stating that Trinity had cited no authority for the proposition that an administrator ad litem lacked the powers of a personal representative for the purpose of prosecuting a wrongful-death action and that nothing in § 43-2-250, Code of Ala.1975, forbids an administrator ad litem from taking such action. The appellant’s failure to find or to cite any previous decision on the issue and the absence of express language in § 43-2-250 forbidding an administrator ad litem from taking such action do not necessarily mean that the law does in fact empower an administrator ad litem to prosecute a wrongful-death action.
Williford further mentions that the definition of “personal representative” in § 43-8-1(24), Code of Ala.1975, includes persons who perform substantially the same function as executors and administrators and that, therefore, administrators ad litem could be included within that definition. However, this is not sufficient to show compliance with the legislative mandate in § 6-5^410, Code of Ala.1975, as to who is to assume the quasi-trustee role in bringing a wrongful-death action. Justice Murdock’s special writing in Ex parte Taylor, 93 So.3d 118 (Ala.2012) (Murdock, J., writing specially), discusses the special role delegated to a personal representative by § 6-5-410 and the proper distribution of proceeds derived from a wrongful-death action, when the probate court has issued an order concerning the distribution of such proceeds:
“[T]he proceeds from the settlement of the wrongful-death claim that arose out of Newman’s death are not a part of Newman’s estate. See, e.g., Steele v. Steele, 623 So.2d 1140, 1141 (Ada.1993) (‘[D]amages awarded pursuant to [§ 6-5-410] ... are not part of the decedent’s estate.’).
“This Court has long recognized that, “ ‘[i]n prosecuting [wrongful-death] actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy .... ’
“Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965); see also Steele, 623 So.2d at 1141 (noting that the ‘personal representative ... act[s] as agent by legislative appointment for the effec-tuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages’). ‘Upon a recovery, [the personal representative] acts as a quasi trustee for those who are entitled thereto under the statute of distribution. Such damages are not subject to administration and do not become part of the deceased’s estate.’ United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So.2d 615, 621 (1973). Indeed, commenting on an earlier version of Alabama’s wrongful-death statute, this Court noted that the legislature has
“ ‘impose[d] upon the administrator a trust separate and distinct from the administration. The trust is not for the benefit of the estate, but of the widow, children, or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator.’
*369 “Hicks v. Barrett, 40 Ala. 291, 293 (1866) (discussing Ala.Code of 1852, § 1938).”
93 So.3d at 119.
It is noteworthy that the predecessor section to § 43-2-250 regarding administrators ad litem was first enacted in 1876, while it was the later Code of 1886 that moved the “Act to Prevent Homicides,” the original wrongful-death statute, from the criminal-law index to the civil-law index, so the legislature was aware of the then relatively new concept in Alabama of administrators ad litem. See generally Ex parte Fontaine Trailer Co., 854 So.2d 71, 83 (Ala.2003) (noting that “‘the Legislature, in enacting new legislation, is presumed to know the existing law’ ” (quoting Blue Cross & Blue Shield of Alabama v. Nielsen, 714 So.2d 293, 297 (Ala.1998))). The legislature could have listed administrators ad litem as proper parties, or alternate parties, to bring a wrongful-death proceeding if it had chosen to do so. See Noonan v. East-West Beltline, Inc., 487 So.2d 237, 239 (Ala.1986) (“It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so.”).
The requirements for prosecuting a wrongful-death action in Alabama are contained in § 6-5-410, Code of Ala.1975, which provides:
“(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.
[[Image here]]
“(c) The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions.”
(Emphasis added.)
As set forth above in § 6-5-410(a), the legislature designated that a wrongful-death proceeding may be commenced by “[a] personal representative.” No other person was statutorily authorized to bring the action. Wrongful-death actions were unknown to the common law, Waters v. Hipp, 600 So.2d 981 (Ala.1992), and hence the statutes conferring the right to bring such an action must be strictly construed. Johnson v. Brunswick Riverview Club, Inc., 39 So.3d 132 (Ala.2009) (statutory remedies for rights unknown to the common law are to be strictly construed). An administrator ad litem was also unknown to Alabama law prior to the enactment in 1876 of the first statute addressing administrators ad litem. Ex parte Riley, 247 Ala. 242, 23 So.2d 592 (1945). As set out below, the role of an administrator ad li-tem is limited, and an administrator ad litem has never been known to be a substitute for a personal representative.
Administrators ad litem in Alabama are provided for in § 43-2-250, which along with the six related sections that follow it, constitute Article 11 of Title 43, the title of the Code dealing with the administration of estates and the Probate Code. It reads:
“When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made *370 known to the court by the affidavit of any person interested therein.”
(Emphasis added.) It accordingly is the “duty” of any court to appoint an administrator ad litem when there is a 'proceeding in a court in which the estate of a deceased person must be represented and either there is no administrator or executor or the executor or administrator is interested adversely to the estate. Thus, the need for an administrator ad litem occurs when there is already an existing civil proceeding (“in any proceeding in any court”) that is in need of someone to substitute for a deceased party, who either has no personal representative or has one who is conflicted. See Smith v. Tribble, 485 So.2d 1083 (Ala.1986) (discussing a request to appoint an administrator ad litem when there was an allegation that the executor and the potential defendant had a conflict of interest).
Here, an appointment was made for the very purpose of allowing the institution of a civil action:' a wrongful-death action. As stated earlier, prior to the enactment of the predecessor of § 43-2-250, the office of administrator ad litem was unknown to Alabama law, and the appointment of such an administrator was void. See Ex parte Riley, 247 Ala. at 250, 23 So.2d at 599, in which this Court stated:
“Under the statute three things must concur to justify the appointment: (1) The estate of the deceased person ‘must be represented,’ which means that the interests of the estate require representation. (2) ‘There is no executor or administrator of such estate, or he is interested adversely thereto.’ (3) ‘The facts rendering such appointment necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein.’ ”
(Emphasis added.)
The decedent’s estate is not interested in a wrongful-death action or in any proceeds derived from such an action. Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911) (recognizing that the personal representative is acting only as a trustee for those who are the designated beneficiaries under the Wrongful Death Act). None of the proceeds pass through the estate, which would make them subject to the claims of creditors. The proceeds pass to the decedent’s heirs; this is true whether the administration is testate or intestate.
In conclusion, the strict interpretation of § 43-2-250 admits of two, and only two, circumstances where it is appropriate for a court to appoint an administrator ad litem. The first is when the estate of a deceased person must be represented and there is no executor or administrator of such estate; the second is when the estate of a deceased person must be represented and the executor or administrator is interested adversely to the estate. Neither circumstance is present in this case. For whatever reason, the legislature, having to designate a proper party to institute a wrongful-death action,' chose a “personal representative” to serve as such party. The personal representative may be only a nominal or formal party, but the personal representative commences the action as a statutory trustee for the benefit of designated beneficiaries of the statute — the decedent’s heirs — who are the real parties in interest. Both Pool and Mounger reversed the judgments of trial courts where parties other than a personal representative instituted a wrongful-death action. I submit that an administrator ad litem would not have been a proper party to fill the shoes of a personal representative to bring such action. However, Golden Gate failed to raise the issue of the capacity of an administrator ad litem to bring a wrongful-death action in its answer, and that defense is now waived. See Rule *371 9(a), Ala. R. Civ. P.; Alabama Power Co. v. White, supra.
MURDOCK and MAIN, JJ„ concur.